UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br>　　　　Plaintiff,<br>　　v.<br>J. LEWIS, et al.,<br>　　　　Defendants. | Case No. 18-00598 EJD (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison ("SVSP"). Plaintiff has filed a response to the last Court order, directing him to file notice of intent with respect to improperly joined claims. (Docket No. 24.)

**DISCUSSION**

Plaintiff's original complaint presented six separate claims against several Defendants, some of whom were named under more than one claim. (Docket No. 1; Docket No. 16 at 2.) In a lengthy initial screening order, the Court dismissed the original complaint with leave to amend for Plaintiff to attempt to state sufficient facts to support a cognizable § 1983 claim. (Docket No. 16.) Plaintiff filed an amended complaint

presenting three claims based on three separate incidents. (Docket No. 18.) The Court dismissed the first claim, Claim I, for failure to state a claim under the Eighth Amendment based on a fainting incident that took place on September 18, 2016. (Docket No. 21 at 5-6.) The dismissal was without leave to amend because Plaintiff was already afforded one opportunity to amend and the Court found no good cause to grant him another opportunity where the deficiencies from the original complaint remained the same. (*Id.*)

The Court found Claims II and III were improperly joined to the action and must be filed in separate actions. (Docket No. 21 at 6-7.) The Court noted that Plaintiff had already been advised in the Court's initial review order that he raised multiple, unrelated claims against multiple parties who were not all involved in the same transaction or occurrent. (*Id.* at 7.) Plaintiff made the same mistake in the amended complaint as Claims II and III were each based on separate incidents that involved different groups of Defendants, and therefore, were improperly joined in this action. (*Id.*) Rather than dismissing the improperly joined claims, the Court contemplated severing them and opening them in separate actions. (*Id.*) Accordingly, Plaintiff was directed to file notice as to if and how he wished to proceed with the unrelated claims before imposing unwanted filing fees on him. (*Id.*)

Plaintiff filed a response. (Docket No. 24.) In a single page document titled "Objection Notice to the Court," Plaintiff states that he "wishes to pursue just the first claim involving the September 18, 2016, incident and not pursue claims II and III of the amended complaint" because of his "poor capability to pursue claims II and III." (*Id.*) However, as the Court explained above, that claim involving the September 18, 2016 incident has been dismissed without leave to amend, such that Plaintiff may not pursue it any further in this Court. *See supra* at 1. Since Plaintiff has made clear that he does not wish to pursue Claims II and III, the Court will dismiss the claims based on improper joinder. There being no further relief being available to Plaintiff in this action, it must be dismissed.

**CONCLUSION**

For the reasons stated above, this action is DISMISSED.  Claim I is dismissed with prejudice for failure to state a claim for relief.  (Docket No. 21.)  Claims II and III are dismissed without prejudice based on improper joinder.  (*Id.*)

**IT IS SO ORDERED.**

Dated: 11/8/2019

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.18\00598Martinez_dism

3